UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17CV1637 HEA |
| v. ) | |
| ) | |
| ST. LOUIS CITY POLICE OFFICERS, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Clint Phillips, III, for leave to commence this action without prepayment of the filing fee. The Court will grant plaintiff's motion to proceed in forma pauperis. However, after reviewing plaintiff's complaint, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 against Unknown St. Louis City Police Officers, St. Louis City Division of Corrections, Corizon Healthcare, City of St. Louis, Dr. Sadige, and Dr. Unknown Mallard. Plaintiff sues defendants in both their official and individual capacities.

Plaintiff asserts that on May 8, 2016, he was "accosted" by unnamed St. Louis City Police Officers, apparently after his family members called to report he was schizophrenic and had not been taking his medications. Plaintiff claims the officers conducted a search and seizure of him without probable cause and without reasonable suspicion. He states that while officers were attempting to handcuff him and civilly commit him, he "gently push[ed] the handcuffs off . . . and back[ed] up with my hands up in a sign of non-aggression." He states he attempted to flee, but was struck by a baton and was shot by a taser. He was transported to the police station,

where he alleges the police officers falsified documents. Plaintiff alleges he was then transported to the St. Louis City Justice Center where he was held with "unreasonable delay" before being taken to appear before a judge.

Although these allegations of plaintiff's complaint are rather clear, the next ten pages of the complaint are not. Plaintiff lists various Missouri statutes, state and federal cases, legal definitions, federal criminal rules of procedure, amendments to the United States Constitution, and Missouri rules of practice. Each listing is accompanied by a single-spaced definition or summary of the case, rule, amendment, etc. Plaintiff makes little effort to apply these disjointed statements to his case. He makes no allegations against defendants St. Louis City Division of Corrections, the City of St. Louis, Dr. Unknown Sadige, or Dr. Unknown Mallard. As to defendant Corizon Healthcare, plaintiff states in a conclusory fashion that he was in need of medical attention at the St. Louis City Justice Center, but unknown individuals demonstrated a reckless disregard for his safety and denied him treatment.

Plaintiff seeks compensatory and punitive damages in excess of $85 million.

**Discussion**

The Court has reviewed Missouri Case.Net, the State of Missouri's online docketing system. Indeed, plaintiff was arrested on the afternoon of May 8, 2016, at the site of a domestic dispute with plaintiff's wife.[1] Plaintiff was charged with misdemeanor assault and two counts of resisting arrest. *See State v. Phillips*, Case No. 1622-CR02100 (22nd Judicial Circuit, City of St. Louis Court).

---

[1] Plaintiff's wife swore out an ex parte order of protection against plaintiff in Case No. 1622-PN00928 (22nd Judicial Circuit, St. Louis City Court), on May 10, 2016, regarding this same incident.

A warrant was served on plaintiff on April 13, 2017, and bond was set at $2,500 by Judge Stovall-Reid. Plaintiff chose not to post bond and therefore remained in custody until his sentencing, which occurred on June 19, 2017. On that date, he was sentenced to six months Suspended Imposition of Sentence ("SIS"), as well as six months Suspended Execution of Sentence ("SES"). He was then provided with unsupervised probation at that time.

Many of the allegations in the complaint are duplicative of the allegations plaintiff brought in the case *Phillips v. Unknown St. Louis City Police Officers*, No. 4:17-CV-1589 JMB (E.D. Mo. filed May 30, 2017), which the Court dismissed pursuant to 28 U.S.C. § 1915(e). As a result, these allegations will be dismissed as duplicative. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

Furthermore, generally fictitious or unknown parties may not be named as defendants in a civil action. *See Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Here, the only officers named in plaintiff's complaint are those who "slandered [his name] via radio dispatch." These officers are not named as defendants, however, only unknown officers are named as defendants. The complaint does not contain allegations sufficiently specific to permit the identity of these unknown St. Louis City Police Officers to be ascertained after reasonable discovery. Plaintiff's complaint mentions many St. Louis City Police Officers—officers responding to the 911 call, officers at the Sixth District Headquarters, and officers at the

St. Louis City Justice Center. It is unclear to the Court how many police officers plaintiff had difficulty with during these events.

Moreover, as plaintiff is proceeding in forma pauperis, the Court is charged with service of the complaint on defendants on behalf of plaintiff. The Court cannot obtain service on defendants who are identified only as "Unknown St. Louis City Police Officers" with no indication of their last names or some other identifying information. As a result, the complaint is legally frivolous as to the unnamed defendants known as "unknown St. Louis City Police Officers."

As to the remainder of the defendants, the case will be dismissed as frivolous because the complaint contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for the granting of relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that that plaintiff's complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of January, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE